EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
TIMOTHY J. MCDONOUGH, State Bar No. 235850
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5606
  Fax: (415) 703-5843
  Email: Tim.McDonough@doj.ca.gov

Attorneys for Defendants P. Mandeville, M. Monteiro,
P. Moerdyk, K. Myles, and R. Kim

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN WAYNE PRICE, JR., <br><br> Plaintiff, <br><br> v. <br><br> W. P. MALLOT, et al., <br><br> Defendants. | C 02-4031 JW (PR) <br><br> STIPULATION AND [PROPOSED] ORDER OF DISMISSAL |

    Following a settlement conference with The Honorable Magistrate Judge Nandor Vadas, the parties agree as follows:

    A.   Plaintiff John Price, Jr. (Plaintiff) filed his initial Complaint in this action on August 20, 2002. (Court Docket (CD) # 1.) Subsequently, on May 1, 2006, Plaintiff filed a Second Amended Complaint. (CD # 57.) The Second Amended Complaint is the operative complaint in this case. (CD # 61.)

    B.   In his Second Amended Complaint, Plaintiff alleges that Defendants P. Mandeville, M. Monteiro, P. Moerdyk, K. Myles, and R. Kim (Defendants) violated his constitutional

Stip. & [Prop.] Order Dismissal            John W. Price, Jr. v. W. P. Mallot, et al.
C 02-4031 JW (PR)

1

rights. Specifically, Plaintiff alleges (1) that his right to due process was violated at disciplinary hearings held regarding the same reissued rules violation report (RVR), (2) that he was retaliated against for complaining of the alleged due process violations, and (3) that he was deprived outdoor exercise for fifty-five days when Institutional Classification Committee (ICC) members classified him as "walk alone" status and then moved him to a facility with no "walk alone" yards. (*See* CD # 69) Plaintiff was incarcerated at Salinas Valley State Prison (SVSP) in 2000 and 2001, the time during which the incidents giving rise to his Second Amended Complaint occurred.

C. On October 27, 2006, Defendants filed a motion to dismiss on the grounds that Plaintiff failed to exhaust his administrative remedies regarding his retaliation allegations, and because Plaintiff failed to state a claim for a violation of due process. (CD # 63.) The Court granted Defendants' motion to dismiss in part, dismissing Plaintiff's retaliation claim as unexhausted, but denied the remainder of the motion. (*See* CD # 69.) Subsequently, the remaining claims in this case are a due process claim and an Eighth Amendment lack of outdoor exercise claim. (CD # 69.) On October 24, 2007, the parties requested that the case be referred to the Pro Se Prisoner Mediation Program. (CD # 79.)

D. The parties mediated this matter before Magistrate Judge Vadas on February 1, 2007 at Kern Valley State Prison. A full and final settlement of this action was reached by the parties. The parties wish to fully resolve all matters which were or could have been asserted in this action. Therefore, they now enter into this stipulation in order to fully settle and discharge all claims which are, or might have been, the subject matter of the action, upon the terms and conditions set forth below.

IN ACCORDANCE WITH MATTERS DISCUSSED BY MAGISTRATE JUDGE VADAS AND THE PARTIES AT THE FEBRUARY 1, 2007 SETTLEMENT CONFERENCE, THE PARTIES STIPULATE AS FOLLOWS:

1. Plaintiff agrees to the voluntary dismissal with prejudice of the above-captioned action under Rule 41(a) of the Federal Rules of Civil Procedure.

Stip. & [Prop.] Order Dismissal

John W. Price, Jr. v. W. P. Mallot, et al.
C 02-4031 JW (PR)

2

2. Defendants and the California Department of Corrections and Rehabilitation (CDCR) deny any and all liability. This agreement does not constitute an admission of liability or any wrongdoing on behalf of any party.

3. In consideration for a release of all claims and a stipulation of dismissal in this action, the CDCR, on behalf of Defendants, agrees to pay Plaintiff eight thousand dollars and no cents ($8000). Defendants also agree to remove all documents related to the Rules Violation Reports regarding the August 13, 2000 incident from Plaintiff's Central file.

4. At the time that Plaintiff signs this stipulation, he shall also sign and return to defense counsel a Payee Data Record form. Upon receipt of the executed Stipulation and Order of Dismissal and Payee Data Record Form, CDCR will have up to 120 days to issue the settlement payment check

5. Plaintiff expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but which he does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect his decision to enter into this settlement agreement. Plaintiff has read the contents of Section 1542 of the Civil Code of the State of California, and he expressly waives the benefits of this section. Section 1542 reads as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

6. In consideration of the obligations set forth in Paragraph 3, Plaintiff completely releases and forever discharges Defendants, all served and unserved defendants, CDCR, Pelican Bay State Prison, and any unnamed defendants, from any and all claims that are the subject of the action as alleged in Plaintiff's Second Amended Complaint that are based on, related to, or derived from the alleged acts or omissions of Defendants, CDCR, or Pelican Bay State Prison as alleged in Plaintiff's Second Amended Complaint filed in this action.

7. Under California Penal Code § 2085.5 all outstanding restitution orders and fines must

Stip. & [Prop.] Order Dismissal

John W. Price, Jr. v. W. P. Mallot, et al.
C 02-4031 JW (PR)

3

first be paid directly from this settlement. The restitution fines and fees, if any, shall be deducted from the settlement proceeds and the remainder of the settlement amount will be issued by check payable to Plaintiff.

8. Each party shall bear his own attorneys' fees and costs.

9. This stipulation shall constitute the entire agreement between the parties arising from the allegations alleged in this action, and it is expressly understood and agreed that this stipulation has been freely and voluntarily entered into by all parties. It may not be altered, amended, modified, or otherwise changed in any respect except by writing duly executed by the parties to this agreement.

IT IS SO STIPULATED.

Dated: March 18, 2008

_____
JOHN PRICE, JR., PLAINTIFF

Dated: March 25, 2008

_____
JEFFREY HOOK, STAFF COUNSEL
Office of Legal Affairs
California Department of Corrections and
Rehabilitation

Dated: March 24, 2008

_____
TIM MCDONOUGH
Deputy Attorney General
Attorneys for Defendants

ORDER

IT IS HEREBY ORDERED that this case against Defendants shall be dismissed with prejudice.

IT IS SO ORDERED.

Dated: July 24, 2008

_____
THE HONORABLE JAMES WARE
United States District Court Judge

Stip. & [Prop.] Order Dismissal                                   John W. Price, Jr. v. W. P. Mallon, et al.
                                                                                   C 02-4031 JW (PR)

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *John W. Price, Jr. v. W. P. Mallot, et al.*

No.:   U. S. D. C., N. D., SAN JOSE DIV., C 02-4031 JW (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 7, 2008**, I served the attached

## STIPULATION AND [PROPOSED] ORDER OF DISMISSAL

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**John W. Price, Jr., P-04376**
**Kern Valley State Prison**
**PO Box 5104**
**Delano, CA 93216**
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 7, 2008**, at San Francisco, California.

|  J. Baker  |  *(signature)*  |
|---|---|
|  Declarant  |  Signature  |

20120197.wpd